# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6906 | **DATE** | 6/25/2002 |
| **CASE TITLE** | AMBER MCGOWAN vs. KELLIE JOHNSON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Johnson's motion to dismiss is granted. Enterprise's motion to transfer venue is denied, and the case is dismissed for improper venue.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 26 2002 date docketed | |
| | Notified counsel by telephone. | | | 9 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 02 JUN 25 PM 6:06 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMBER McGOWAN,           )
                         )
        Plaintiff,       )
                         )  No. 01 C 6906
    v.                   )
                         )  Judge John W. Darrah
KELLIE JOHNSON and       )
ENTERPRISE LEASING, INC. )
                         )
        Defendants.      )

DOCKETED
JUN 2 6 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Amber McGowan ("McGowan"), filed suit against Defendants, Kellie Johnson ("Johnson") and Enterprise Leasing, Inc. ("Enterprise"), for a variety of tortuous acts leading to an automobile accident and injuries resulting therefrom. Currently before the Court is Johnson's Motion to Dismiss for lack of *in personam* jurisdiction and Enterprise's Motion to Transfer Venue.

The plaintiff bears the burden of providing facts sufficient to establish personal jurisdiction. *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) (*Leach*). All disputed facts bearing on jurisdiction are construed in the light most favorable to the plaintiff. (*LFG, LLC v. Zapata Corp.*, 78 F.Supp.2d 731, 734 (N.D.Ill. 1999) (*LFG*).

A reading of the Complaint supports the following allegations of events and conduct of the parties.

On September 7, 1999, McGowan was a passenger in a vehicle owned by Enterprise and operated by Johnson. At this time, McGowan was a resident of Illinois, and Johnson was a resident of Alabama. Enterprise is an Alabama Corporation, and Johnson rented the vehicle from Enterprise-South Central, located in Huntsville, Alabama. At approximately 4:36 p.m. on September 7, 1999, while driving southbound on I-65 in Greenwood, Indiana, Johnson lost control of the vehicle, causing it to flip

over several times and land in the northbound lanes of I-65. McGowan alleges that she was injured as a proximate result of the accident.

**Johnson's Motion to Dismiss**

Johnson argues that the suit against her should be dismissed because this Court lacks *in personam* jurisdiction.

A federal district court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995), *cert. denied,* 518 U.S. 1004 (1996); *Leach*, 154 F.3d at 714. A determination of whether an Illinois court would have jurisdiction requires an examination of three sources of law: "(1) state statutory law, (2) state constitutional law, and (3) federal constitutional law." *RAR, Inc. v. Turner Diesel Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (*RAR*).

Under Illinois law, a court can have personal jurisdiction over a non-resident via the state's long-arm statute. 735 ILCS 5/2-209. The statute permits the exercise of jurisdiction over claims that arise out of a number of enumerated acts. 735 ILCS 5/2-209(a). The statute also provides that an Illinois court may exercise jurisdiction on any basis permitted by the state or federal constitution. 735 ILCS 5/2-209(c). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit, and the statutory analysis collapses into a two-prong analysis: one based on the Illinois Constitution and one based on the federal Constitution. *RAR*, 107 F.3d. at 1276.

The Fourteenth Amendment Due Process Clause permits an Illinois court to exercise jurisdiction over a non-resident defendant only if the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940); *Neuman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir. 1994).

2

This determination depends on whether the plaintiff asserts general or specific jurisdiction against the defendant. *RAR*, 107 F.3d at 1277. "General jurisdiction ... is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum state. *RAR*, 107 F.3d at 1277. Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277, *quoting Helicopteros Nacionales de Columbia, S.A. v. Hall*, 486 U.S. 408 (1984).

In the instant case, McGowan does not allege that Johnson had "continuous and systematic" contact with Illinois. The only instance in which McGowan states that Johnson has had contact with Illinois is that she is "formerly of Illinois". (McGowan Compl. ¶1). As a result of her failure to raise issues of general jurisdiction in the Complaint, McGowan waived any general jurisdiction arguments. *RAR*, 107 F.3d at 1277.

The next question is whether McGowan has met her burden of establishing that Illinois has specific jurisdiction over Johnson. Defendants need not be physically present in the jurisdiction to have "minimum contacts" with the state. *See Hanson v. Denckla*, 357 U.S. 235, 251-253 (1958) (*Hanson*). The critical inquiry is whether Johnson purposely availed herself of the rights and privileges of conducting activities in Illinois, such that she invoked the benefits and protections of Illinois law. *Hanson*, 357 U.S. at 253. In other words, Johnson's activities must be of the quality and nature such that she would reasonably anticipate being haled into Illinois court. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Finally, due process requires that Johnson's relationship with Illinois not be "random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Even construing all reasonable inferences from the pleadings in the light most favorable to McGowan, it is unreasonable to expect that Johnson anticipated "being haled into court" in Illinois as a result of her conduct. *See World Wide Volkswagen*, 444 U.S. at 297. First, while McGowan alleges that Johnson is "formerly of Illinois" (McGowan Compl. ¶1), her status as a prior resident does not bear on her current disposition as a resident of Alabama. Second, McGowan never alleges that Johnson even entered Illinois during the time surrounding the incident. McGowan states that she was a "passenger in a motor vehicle driven by ... Johnson ... traveling from their respective residences back to school in Alabama." (McGowan Compl. ¶4). Yet, she also alleges that, at the time of the incident, Johnson was a resident of the State of Alabama. (McGowan Compl. ¶1). Thus, based on the pleadings, it appears that Johnson did not set foot in Illinois during the events leading up to the incident in question.

Apart from failing to show that Johnson did anything in Illinois, McGowan has failed to show that the injury arose out of any of Johnson's supposed connections with Illinois. There are no allegations or inferences that indicate that McGowan's injuries have anything to do with Johnson's prior residency in Illinois or that, prior to the accident, Johnson drove through Illinois with McGowan as a passenger. The claim arises entirely out of Johnson's operation of the vehicle leading up to the accident, which took place entirely in Indiana.

Therefore, Johnson has not "purposely availed [herself] of the privilege of conducting activities" in Illinois. *Hanson*, 357 U.S. at 253. It would not be "fair, just, [or] reasonable" to require Johnson to defend this action in Illinois. *See Rollins v. Ellwood*, 141 Ill. 2d 244, 275 (1990). Accordingly, Johnson's Motion to Dismiss is granted.

**Enterprise's Motion to Transfer Venue**

Enterprise argues that this case should be transferred to the Northern District of Alabama because such a transfer will serve the convenience of the parties and witnesses as well as the interests

of justice.

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing, Co. v. LRP Publications, Inc.*, 992 F.Supp. 10104, 1017 (N.D.Ill. 1998).

Venue is appropriate in a judicial district in which "(1)... any defendant resides, if all defendants reside in the same state, (2) ... a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) ... any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b) (2). In the instant case, McGowan filed her suit in the Northern District of Illinois. None of the defendants reside in Illinois, and none of the events or omissions that give rise to the claim occurred in Illinois. Therefore, venue is improper in this Court.

Because venue is not proper in this Court, the transferor court, Enterprise's Motion to Transfer Venue is denied. Furthermore, because venue is not proper in this Court, the case is dismissed. *See* 28 U.S.C. § 1406(a).

For the reasons stated above, Johnson's Motion to Dismiss is granted. Enterprise's Motion to Transfer Venue is denied, and the case is dismissed for improper venue.

Dated: June 25, 2002

JOHN W. DARRAH
United States District Judge

5